**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nancy Ann KLATTER, Defendant— Appellant.**

**No. 01–50299.**

**D.C. No. CR–99–00047–GLT–06.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided June 18, 2002.

As Amended on Denial of Rehearing July 16, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,* District Judge.

## MEMORANDUM **

Defendant Nancy Klatter appeals her conviction for several counts of mail fraud and several counts of wire fraud. Defendant was a telephone salesperson at Gecko Holdings, Inc. (Gecko), a fraudulent telephone-marketing company. She argues that the district court abused its discretion by admitting evidence of a search conducted at the offices of FTF, one of her previous employers. She also contends that the district court improperly instructed the jury on co-schemer liability. Finally, she argues that the prosecutor's closing argument was improper and requires reversal.

Evidence of "other acts" is admissible to demonstrate intent or knowledge. Fed. R.Evid. 404(b). The district court enjoys wide discretion in whether to admit such evidence. *United States v. Blitz,* 151 F.3d 1002, 1007 (9th Cir.1998). Here, the court admitted the evidence only after Defendant testified that she had previously been employed by FTF, a similar business doing similar work, and that nothing about Gecko raised a "red flag." At that point, the government was permitted to question Defendant about the search warrant executed on FTF. We find no abuse of discretion. *See Blitz,* 151 F.3d at 1008–09 (affirming the admission of evidence of prior telemarketing experience to rebut a defendant's claim that he had no knowledge of fraud in a particular telemarketing venture).

Even if the district court did err in admitting the evidence, any error was harmless beyond a reasonable doubt.

Five of Defendant's victims testified about her repeated misrepresentations about Gecko. Defendant told victims that Gecko ran an Internet casino that was based on the island of St. Kitts; that Gecko's managers had been affiliated with a successful Internet IPO called Cryptologic; that she had persuaded her father to invest in Gecko; that shares in Gecko were in short supply; and that investing in Gecko was risk free. In fact, none of those statements was true. Defendant had to know that these statements were false, particularly those concerning her own family.

We reject Defendant's arguments on the co-schemer liability instruction for the reasons stated in our opinion in *United States v. Stapleton,* 293 F.3d 1111, decided this date.

Finally, we find no plain error in the prosecutor's arguments. The prosecutor did not improperly "vouch" for its witnesses, did not improperly appeal to jurors' passions, and did not denigrate the defense. Although the prosecutor's reference to other "boiler rooms" was improper, reversal is not required in the light of the substantial evidence supporting the verdict.

AFFIRMED.

---

* The Honorable Raner C. Collins, United States District Court for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.